IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD RUSSELL,

      Petitioner,                        No. CIV S-09-3239 EFB P

      vs.

JAMES HARTLEY,

      Respondent.                   ORDER

_____/

      Petitioner, a prisoner without counsel, has filed a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. Petitioner seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a).

      Petitioner is presently incarcerated at Avenal State Prison in Kings County. Petitioner is serving a sentence for a conviction rendered by the Alameda County Superior Court. While petitioner does not challenge a particular finding of parole unsuitability, he appears to claim that the Board of Parole Hearings violated his due process and equal protection rights at each of his fourteen parole suitability hearings. Pet. at 5, 9. In habeas corpus cases, venue is proper: (1) in the district of confinement, or (2) in the district of "conviction and sentencing." 28 U.S.C. § 2241(d). Because it is difficult to stretch "conviction and sentencing" into a decision denying parole suitability, only the first venue option is appropriate. Moreover, since prisoners are not

normally transferred about for parole eligibility hearings, the district of confinement would normally be the district of "conviction and sentencing" even if that rubric were utilized in the parole eligibility setting.[1]

Petitioner is confined in Kings County which is also where his October 11, 2006 parole suitability hearing took place. *See* Pet. at unnumbered page 219. Thus, this action should have been commenced in the district court in Fresno.[2] Local Rule 120(d).

Accordingly, it is hereby ORDERED that:

1. This action is transferred to the district court in Fresno. *See* Local Rule 120(f).

2. The Clerk of Court shall assign a new case number.

3. All future filings shall bear the new case number and shall be filed at:

    United States District Court
    Eastern District of California
    2500 Tulare Street
    Fresno, CA 93721

DATED: December 4, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] If the literal interpretation of "conviction and sentencing" were to be employed, i.e., the district where petitioner suffered his underlying conviction, maintaining the action in that place in parole suitability situations would not be as appropriate as having it in the place of confinement. First, in the logistical sense, the issue of parole suitability has little to do with the place of conviction – the court will not be concerned with the ease of mustering witnesses and evidence. Secondly, even though the local government officials at the place of conviction may retain an interest in having parole denied, habeas cases are handled by the state Attorney General's Office, and local officials are not involved in the federal court litigation regarding review of the parole eligibility decision. The issues involved in the federal court review will not center about the opinions of local officials, and even if it did, those opinions will be of record already.

[2] The opposite policy is in effect for the "usual" habeas cases involving attack upon a conviction or sentence. In those cases there is an advantage to transferring to the district of conviction because evidence and witnesses for any evidentiary hearing are more likely to be located there. The California federal district courts have long employed a blanket transfer policy to the district of conviction for "conviction" habeas cases.